USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1146 UNITED STATES, Appellee, v. ANTONIO CORDOVA GONZALEZ, a/k/a POTI, a/k/a EL VIEJO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin and Campbell, Senior Circuit Judges. _____________________  ____________________ Carlos Vazquez Alvara, with whom Benicio Sanchez Rivera, Federal _____________________ ______________________ Public Defender, and Gustavo A. Gelpi, Jr., Assistant Federal Public _____________________ Defender, were on brief for appellant. Nelson Perez Sosa, Assistant United States Attorney, with whom __________________ Guillermo Gil, United States Attorney, Jose A. Quiles Espinosa, Senior _____________ _______________________ Litigation Counsel and Edwin O. Vazquez Berrios, Assistant United __________________________ States Attorney, were on brief for appellee. ____________________ November 19, 1996 ____________________ Per Curiam. In his appeal from his sentence, ___________ appellant contends that the court committed plain error in imposing a $15,000 fine. There was no plain error. The presentence investigation report, while it did not recommend a fine because of defendant's presumed inability to pay it, also indicated that defendant had assets of approximately $21,500 and, in addition, any moneys that he may receive if his ex-wife's bankruptcy case were resolved. We have held that, under the relevant Guidelines, "a fine is the rule  and it is the defendant's burden to demonstrate that his case is an exception." United States v. Savoie, 985 F.2d 612, 620 _____________ ______ (1st Cir. 1993); see also United States Sentencing _________ Commission, Guidelines Manual, 5E1.2(a) (Nov. 1995). The __________________ amount the court imposed was the minimum fine within the applicable guideline range. In the present circumstances, we cannot say the district court's imposition of a fine constituted plain error, as we would need to conclude in order to overturn the district court's action, given appellant's failure to object. See United States v. Dietz, ___ _____________ _____ 950 F.2d 50, 55 (1st Cir. 1991) ("We have repeatedly ruled, in connection with sentencing as in other contexts, that arguments not seasonably addressed to the trial court may not be raised for the first time in an appellate venue.") If it turns out that appellant should truly lack the assets needed to pay the fine when required to do so, he can, of course, -2- offer his inability to pay as an excuse then. See 18 U.S.C. ___ 3569 (1985 & Supp. 1996); see also Tate v. Short, 401 U.S. ________ ____ _____ 395, 398 (1971). Affirmed. ________ -3-